UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT         CIVIL ACTION
OF BERTUCCI CONTRACTING CO.,
L.L.C., AS OWNER OF THE M/V
SHARON GAIL, FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY

                                      NO: 12-664
                                      c/w No. 12-697

This document pertains to both     SECTION: J(3)
No. 12-664 and No. 12-697

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss the Cross-Claim of Tammany Holding Co., L.L.C. Pursuant to Fed. R. Civ. P. 12(b)(1) on the Basis of Eleventh Amendment Immunity*, brought by the Louisiana Department of Transportation and Development and the Louisiana Office of Coastal Protection and Restoration (collectively, "the State"). **(Rec. Docs. 134 & 234).** Also before the Court are various briefs filed by the State and by Tammany Holding Co. ("Tammany"). **(Rec. Docs. 137, 245, 251, & 252).**

Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for reasons expressed below, that the State's *Motion to Dismiss* should be **GRANTED.**

## PROCEDURAL AND FACTUAL BACKGROUND

The Court has previously set out the detailed facts of these

1

limitation actions in its Order and Reasons dated June 8, 2012. (Rec. Doc. 126). For purposes of this Motion to Dismiss, only the following facts are pertinent.

NASDI and Bertucci filed the instant limitation actions in March and April 2012. (Rec. Docs. 1 & 32). On April 23, 2012, the State filed answers and claims in the limitation actions, asserting that to the extent the State may be liable for any damages, it is entitled to indemnification or contribution from Bertucci and NASDI pursuant to an agreement between those parties and the State. (Rec. Docs. 41, 43, 46, & 66). In its pleadings, the State never asserted sovereign immunity as a defense. (Rec. Docs. 41, 43, 46, & 66). On May 18, 2012, Tammany filed a cross-claim in limitation against the State, seeking money damages. (Rec. Doc. 93). The State has moved to dismiss Tammany's cross-claim. (Rec. Docs. 134 & 234).

### PARTIES' ARGUMENTS

The State argues that it has sovereign immunity against Tammany's cross-claim, and thus that this Court lacks subject matter jurisdiction to hear the claim. Tammany contends that the State has waived its sovereign immunity in this case because the State is seeking to "recover from NASDI and Bertucci to the extent the State is held liable for claims filed in the limitation actions" and because the State failed to include in any of its pleadings "any reservation or other statement that the State is making only a limited appearance and asserting its Eleventh

Amendment protections."

The State counters that it only filed responsive pleadings and claims "as a protective measure designed to comply with the Court's admonition regarding the filing of claims under penalty of default and to preserve its entitlement to potential contribution and/or indemnity in connection with these proceedings." According to the State, it did not waive its immunity by participating in a limitation action. The State cites *In the Matter of Manson Construction Co.*, 883 F. Supp. 2d 659 (E.D. La. 2012) (Zainey, J.) to support its contention that the State's participation in a limitation action does not constitute an invocation of federal court jurisdiction and thus a waiver of sovereign immunity. Tammany counters that the *Manson* case is distinguishable because in *Manson*, the State preserved its sovereign immunity in its pleadings, which the State has failed to do in the instant matters.

## LEGAL STANDARD

A motion to dismiss for lack of subject-matter jurisdiction must be granted if the Court lacks statutory authority to hear and decide the dispute. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction must carry the burden of proof in a Rule 12(b)(1) motion to dismiss. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*,

3

No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

States are generally immune from suit in federal court, but a state may waive its sovereign immunity by voluntarily consenting to a federal suit. *Meyers ex rel Benzing v. Texas*, 410 F. 3d 236, 241 (5th Cir. 2005). This can happen either by the state's voluntary invocation of federal court jurisdiction or by its making a "clear declaration"of its intention to submit to federal court

jurisdiction. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). The Supreme Court has made it clear that "our test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one. ... A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute. ... Waiver may not be implied." *Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011) (internal citations omitted). Additionally, "[t]he conclusion that there has been a waiver of immunity will not be lightly inferred," and "a waiver of sovereign immunity will be strictly construed in favor of the sovereign." *Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 277 (1959) (internal citations omitted); *Sossamon*, 131 S. Ct. at 1662.

A state waives its sovereign immunity when it voluntarily invokes federal court jurisdiction by removing a state suit to federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 620 (2002). Generally, when a state intervenes in a suit in federal court, it also waives its sovereign immunity. *Id*. However, even when a state intervenes in a suit after being summonsed to federal court, the state does not waive its immunity when it asserts no claims of its own for relief but merely defends itself. *Faulk v. Union Pacific R. Co.*, 449 Fed. App'x 357, 363 (5th Cir. 2011). In *Faulk*, the State of Louisiana only filed an answer in the federal court suit after being summonsed to federal court.

5

The Attorney General of Louisiana was notified that "a lawsuit ha[d] been filed against him" and that he "*must* serve on the plaintiff an answer," lest judgment of default be entered against him. *Faulk v. Union Pacific R. Co.*, 449 Fed. App'x 357, 363 (5th Cir. 2011) (internal citations omitted). Similarly, here, this Court admonished all potential claimants to these limitation actions that they were required to file any and all claims with the Clerk of Court by the set deadlines, or else be defaulted. (Rec. Doc. 4-1, p. 1; Rec. Doc. 35-1, p. 1-2).

A limitation action does not constitute a suit against a state that triggers sovereign immunity. *In re Manson Constr. Co.*, 883 F. Supp. 2d 659, 666 (E.D. La. 2012) (Zainey, J.). Nonetheless, when a third-party complaint is filed against a state within a limitation action and that complaint seeks damages that are to be paid out of the state treasury, that third-party complaint constitutes a suit against a state that is barred by sovereign immunity. *Id.* In *Manson*, Judge Zainey found:

> [T]he State had to either file a claim in this action or risk forfeiting its right to recover anything from Complainants in the event that Claimants' third-party complaint was not dismissed; filing a claim in the limitation action does not rise to the level of consenting to federal jurisdiction.

*Id.* at 669.

Here, the Court finds that the State has not asserted any claims for relief in these limitation actions. The State has merely complied with the Court's admonition to avoid a default judgment. The State seeks no monetary relief but rather seeks to preserve its contractual indemnity rights against NASDI and Bertucci with respect to these limitation proceedings. Additionally, the Court is persuaded by Judge Zainey's reasoning in *Manson* that filing a claim in a limitation action does not constitute the State's consent to federal jurisdiction, especially in light of the Supreme Court's mandate that any waiver issue be strictly construed in favor of the sovereign. Therefore, the Court finds that the State of Louisiana has not waived its sovereign immunity by filing answers and claims in the limitation proceedings.

With respect to Tammany's argument that for the State to maintain sovereign immunity, it must have raised that defense in its prior pleadings in the district court, Fifth Circuit precedent makes it clear that a state is not required to raise a sovereign immunity defense in the district  court and is permitted to raise the defense for the first time on appeal. *See Union Pacific R. Co. v. Louisiana Public Serv. Comm'n*, 662 F. 3d 336 (5th Cir. 2011).[1]

---

[1] In *Union Pacific*, the plaintiff sued the State of Louisiana in federal district court. *Union Pacific R. Co. v. Louisiana Public Serv. Comm'n*, 662 F. 3d 336, 339 (5th Cir. 2011). The State won a motion for summary judgment, and

If the State of Louisiana would be entitled to raise a sovereign immunity defense on appeal even if it did not raise it in the district court at all, the State is certainly not precluded from raising this defense in a motion to dismiss filed in the district court merely because the State failed to raise the defense in its earlier pleadings. Therefore, Tammany's argument fails, and the Court finds that the State retains its sovereign immunity. Because Tammany's cross-claim against the State seeks damages that would be paid out of the state treasury, the State's sovereign immunity bars Tammany's cross-claim, and consequently, this Court lacks subject matter jurisdiction to hear that claim.

### CONCLUSION

Accordingly,

**IT IS ORDERED** that the State's *Motion to Dismiss* **(Rec. Doc. 134)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Tammany Holding Co., L.L.C.'s cross-motion against the State is hereby **DISMISSED.**

New Orleans, Louisiana this 5th day of November, 2013.

---

the plaintiff's claims were dismissed. *Id.* The State never asserted sovereign immunity in the district court, but when the plaintiff appealed, the State then asserted  sovereign immunity and lack of subject matter jurisdiction. *Id.* The plaintiff argued that the State waived its sovereign immunity defense when it failed to raise it in the district court. *Id.* The Fifth Circuit found that a state's waiver of sovereign immunity must be "unequivocal." *Id.* at 341. The court found that neither the State of Louisiana's defense on the merits through a motion for summary judgment, nor its failure to raise its sovereign immunity defense in the district court, constituted an unequivocal waiver of sovereign immunity. *Id.* The State was therefore entitled to raise its sovereign immunity defense on appeal. *Id.* at 342.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE