```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


IN THE MATTER OF THE COMPLAINT                    CIVIL ACTION
OF BERTUCCI CONTRACTING CO.,
L.L.C., AS OWNER OF THE M/V
SHARON GAIL, FOR EXONERATION
FROM AND/OR LIMITATION OF
LIABILITY
                                                  NO: 12-664
                                                  c/w 12-0697
                                                      12-1783
                                                      12-1912
                                                      12-1914

This document pertains to:                        SECTION: J(3)
 ALL CASES
```

### ORDER AND REASONS

Before the Court is a *Motion for Relief Based on Spoliation of Evidence* **(Rec. Doc. 380)** filed by Claimants, Shirley Wagner, *et al* ("Claimants"), as well as an *Opposition* **(Rec. Doc. 396)** by Defendant, Bertucci Contracting Company, LLC ("Bertucci") and Claimants' *Reply* (**Rec. Doc. 408**). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motions should be **DENIED.**

### PROCEDURAL AND FACTUAL BACKGROUND

This action arises from a project conducted in St. Tammany Parish, Louisiana, to recycle concrete recovered from the original

1

Interstate 10 Twin Span Bridge ("Twin Spans").[1] The State contracted with Bertucci to provide a number of services, including transporting the concrete from the demolition site to the staging area, and conducting a portion of the concrete breaking operations. In or around August 2011, Bertucci began conducting concrete crushing operations on a staging area located in proximity to Claimants' residences. As a result of these operations, in January 2012, Claimants filed a lawsuit against Bertucci including claims of nuisance, asserting that their properties were inundated with noise, vibrations, and dust. These claims include several causes of actions related to the alleged excessive noise produced by Bertucci's operations for violations of OSHA, St. Tammany Parish Noise Ordinance standards, and Louisiana general nuisance law, provided in Articles 667-669 of the Louisiana Civil Code.

The instant motion arises out of Claimants' allegations that Bertucci is liable for spoliation of evidence in the form of noise measurements of the operation site conducted and documented by Bertucci's Safety Director, Mr. Mistich. After receiving notice of Claimants' noise complaints, Mr. Mistich voluntarily conducted sound readings around the construction site, utilizing an "application downloaded to his iPhone." (Rec. Doc. 396, p. 2). Mr. Mistich notes that he would occasionally "write down scratch notes

---

[1] The Court has previously set out the detailed facts of this matter in its *Order and Reasons* dated June 8, 2012. (Rec. Doc. 126).

2

of his noise readings in a personal booklet." (Rec. Doc. 396, p. 2). Bertucci admits that neither it nor Mr. Mistich is currently in possession of these documented measurements and neither party is aware of the location of these records. Claimants contend that Bertucci should be sanctioned for spoliation as a result of its failure to preserve and disclose the documents detailing Mr. Mistich's measurements.

Claimants seek a number of sanctions including: (1) an order excluding any evidence introduced by Bertucci in support of its argument that noise levels at the construction site did not exceed the safety levels established by OSHA, the St. Tammany Parish Noise Ordinance standards, and/or Louisiana nuisance law; (2) an order imposing an adverse inference against Bertucci on the issue that the noise at the construction site exceeded legal levels; and (3) monetary sanctions.

## DISCUSSION

The spoliation of evidence doctrine provides courts with the authority to impose sanctions on responsible parties when there has been intentional destruction of relevant evidence. This Court has previously held that in order for a court to impose an adverse inference or other sanctions, it must first determine whether the doctrine of spoliation applies. *Collongues v. State Farm Auto. Ins. Co.*, No. 09-3202, 2010 WL 103878, at *2 (E.D. La. Jan. 7, 2010) (Barbier, J). In order for the doctrine to apply, the movant must

prove two elements: (1) that the party having control over the evidence had a duty to preserve the evidence at the time it was destroyed; and (2) that the destruction of the evidence was intentional. *Id.* (citing *Menges v. Cliffs Drilling Co.*, No. 99-2159, 2000 WL 765082, at *2 (E.D. La. June 12, 2000) (Vance, J.)). In order for a party to have a duty to preserve evidence, the party must have notice that the evidence is relevant to litigation. *Menges*, 2000 WL 765082, at *2. "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 349 (M.D. La. 2006) (citing *Zubulake v. UBS Warburg*, LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). This duty of preservation extends to all employees likely to have information relevant to the litigiation, who are regarded as "key players" in the litigation. *Consol. Aluminum Corp.*, 244 F.R.D. at 349. Claimants assert that under the broad interpretation of "relevancy," the "noise notes" made by Mr. Mistich were relevant to their claims under OSHA, the St. Tammany Parish Noise Ordinances, and general Louisiana nuisance law. Claimants further contend that Bertucci breached its duty to preserve by failing to implement a company-wide litigation hold and by failing to direct Mr. Mistich, a "key player," to preserve his noise notes for litigation.

First, it appears as though Bertucci had notice of Claimants' pending lawsuit at the time that Mr. Mistich conducted and documented his measurements. In his deposition, Mr. Mistich admits that he began conducting noise measurements at the site after he had been receiving complaints regarding the noise levels from Claimants. (Rec. Doc. 380-7, p. 10). While litigation was not necessarily pending at this time, the Court finds that such litigation could have been reasonably anticipated. Additionally, Mr. Mistich's noise notes, as informal as they may be, are certainly relevant to the pending litigation. Bertucci contends that because these notes represent measurements only of the operation site, rather than the neighbors' dwellings, they have no impact on Claimants' claims under either the local noise ordinances or the Civil Code articles governing noise nuisance, because both of these claims concern the noise levels at the complainants' dwellings. The Court rejects this proposition. The term relevancy in regard to evidence presentable at trial has extremely broad connotations. The Federal Rules construe evidence to be relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. Mr. Mistich's notes regarding his noise measurements, despite only reflecting measurements of the construction site and not Claimants' dwellings, directly relate to the pending litigation. As noted by Claimants, this information is highly relevant to whether the alleged

mitigation measures implemented by Bertucci in an attempt to lessen the noise produced from the site had any reasonable impact. As such, Bertucci had a duty to impose a litigation hold and ensure that key players, such as Mr. Mistich, preserved all documents related to noise measurements.

Having determined that Bertucci had a duty to preserve the noise notes, this Court must next consider whether the evidence was intentionally destroyed. *Collongues*, 2010 WL 103878, at *2, citing *Menges*, 2000 WL 765082, at *2 (stating "[o]nce a court concludes that a party was obliged to preserve the evidence, it must then consider whether the evidence was intentionally destroyed."). Although Claimants contend that Bertucci and/or Mr. Mistich's destruction or loss of the noise notes was intentional, they have not presented sufficient evidence to support this. Claimants assert that "the only plausible reason" for the disappearance of the evidence must be because it was adverse to Bertucci's interest. (Rec. Doc. 380-1, p. 16). In response, Bertucci contends that Mr. Mistich "has no idea what happened" to the noise notes he recorded because "he was not writing them down for any record." (Rec. Doc. 396-1, p. 14). At most, Bertucci argues that Mr. Mistich's conduct in losing the notes amounts to mere negligence, which this Court has found does not support an imposition of sanctions for spoliation. *See Lafayette Ins. Co. v. CMA Dishmachines*, No. 03-1098, 2005 WL 1038495, at *3 (E.D. La. Apr. 26, 2005) (Vance, J)

6

(holding that "negligence is not enough to support the imposition of sanctions for spoliation. . .").

Claimants present no direct evidence in support of its argument that Bertucci willfully destroyed the evidence. While courts within the Fifth Circuit have recognized that a "strong chain" of circumstantial evidence may be sufficient to establish a finding of intent to destroy evidence, here, Claimants have failed to make such a strong showing. *See Ashton v. Knight Transp, Inc.*, 772 F.Supp.2d 772, 795 (N.D. Tex. 2011) (holding that the "sheer strength" of the circumstantial evidence presented by movants, largely based on the interviews and depositions of witnesses, was sufficient to determine that the non-movant had intentionally destroyed a truck involved in a car accident). Unlike in *Ashton*, Claimants have failed to provide a "wealth of evidence" in support of their contention that Bertucci intentionally destroyed Mr. Mistich's noise notes. Instead, Claimants merely allege that Bertucci must have intentionally destroyed this evidence, without offering any proof to support this assertion. Because Claimants have failed to provide sufficient evidence to rebut the proposition that the loss of the noise notes resulted merely from Mr. Mistich's negligence, rather than an intent to purposefully destroy, the Court finds that the second element of the test for spoliation has not been met.

It is also important to note that contrary to Claimants contention, allowing Bertucci to introduce testimony relying on the information contained in the deleted noise notes does not unduly prejudice Claimants. As noted by Bertucci, Claimants had extensive opportunities to conduct their own noise measurements at the construction site for over a year after filing this lawsuit, yet chose never to do so. This Court has previously found that when a party moving for spoliation of evidence had ample opportunity to inspect and gather its own evidence regarding a specific matter, a finding of spoliation is improper. *Pascal's Manale Restaurant, Inc. v. United Nat'l Ins. Co.*, No. 06-7427, 2008 WL 1774131, at *3 (E.D. La. Apr. 15, 2008) (Berrigan, J.). Because Claimants have failed to prove that Bertucci acted intentionally or in bad faith to destroy Mr. Mistich's noise notes, the Court finds that sanctions for spoliation are not proper.

Finally, Claimants argue that even if the Court does not find that Bertucci acted intentionally or in bad faith to destroy Mr. Mistich's noise notes, sanctions should be imposed pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. (Rec Doc. 408, p. 4). This rule provides courts with the authority to impose sanctions on a party who "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). However, the only remedies sought by Claimant that are permissible under Rule 37(b) are prohibiting Bertucci from introducing testimony relying on Mr.

8

Mistich's noise notes and Bertucci's payment of reasonable expenses.[2] Claimants contend that Bertucci violated Rule 37(b) by failing to comply with a number of discovery requests, most notably the Court's Order on the parties' Joint Discovery Plan, which required in part that both parties produce all "testing data" on or before October 15, 2013. (Rec. Docs. 239-1, 240). Claimants contend that Mr. Mistich's noise notes fall within the category of "testing data," and that Bertucci violated this discovery order by failing to provide Claimants with the noise notes or any information regarding these measurements by the requisite date. Claimants further argue that a showing of intentional destruction or bad faith is unnecessary for an imposition of sanctions pursuant to Rule 37(b).

Although Claimants are correct in its argument that a showing of bad faith or willful misconduct is not always necessary for the imposition of lesser sanctions pursuant to Rule 37(b), including reasonable expenses and the exclusion of evidence, the "Court has broad discretion under Rule 37(b) to fashion remedies suited to the [level of] misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citing *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). However, even not

---

[2] Rule 37(b) does not provide for an adverse inference for violation of a court order or specifically for monetary sanctions. FED. R. CIV. P. 37(b)(2)(A). However, it does provide for the payment of "reasonable expenses" by the disobedient party. FED. R. CIV. P. 37(b)(2)(C). Additionally, Claimants note that they are not seeking "the severest remedies against Petitioner," such as striking the pleadings or dismissal. (Rec. Doc. 408, p. 5).

considering the fact that Claimants have failed to make a showing of Bertucci's willful misconduct or bad faith in failing to comply with the discovery order allegedly destroying the evidence, the Court finds that sanctions, either in the form of exclusion of evidence or reasonable expenses, are not appropriate. Another consideration in determining the propriety of sanctions pursuant to Rule 37(b) is the level of prejudice suffered by the movant as a result of the non-obedient party's failure to comply with the discovery order. *See Smith*, 685 F.3d at 491. As discussed above, Claimants had extensive opportunities in which to secure their own noise measurements of the construction site, yet failed to do so. The Court finds that Claimants should not be permitted to rely on their lack of diligence to now exclude Bertucci's evidence regarding these measurements. As such, the Court finds that neither monetary sanctions, nor exclusion of Bertucci's evidence regarding Mr. Mistich's noise measurements are proper under either the spoliation doctrine or Rule 37(b).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Relief Based on Spoliation of Evidence* **(Rec. Doc. 380)** is **DENIED.**

New Orleans, Louisiana this 29th day of October, 2014.

_____

                                        CARL J. BARBIER
                                        UNITED STATES DISTRICT JUDGE