```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BERTUCCI CONTRACTING CO., LLC, AS OWNER OF THE M/V SHARON GAIL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 12-664 c/w<br>    12-697<br>    12-1783<br>    12-1912<br>    12-1914<br><br>SECTION: "J"(3)<br><br>APPLIES TO ALL CASES |

## ORDER AND REASONS

Before the Court is a *Motion to Bifurcate Issues at Trial* **(Rec. Doc. 431)** filed by Claimants, Daniel and Shirley Wagner, et al ("Claimants"), as well as an *Opposition* **(Rec. Doc. 441)** by Limitation Petitioners, Bertucci Contracting Company, LLC ("Bertucci") and NASDI, LLC ("NASDI") (collectively "Limitation Petitioners"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

## PROCEDURAL AND FACTUAL BACKGROUND

At this point in the litigation, both the Court and the parties are very familiar with the facts of this case. The Court has previously set out the detailed facts of this matter in its Order and Reasons dated June 8, 2012. (Rec. Doc. 126). For purposes of Claimant's instant motion, only the following facts are

1

pertinent.

As part of a large-scale project by the State of Louisiana to recycle the concrete recovered from the demolition of the original Interstate 10 Twin Span Bridges ("Twin Spans"), the State contracted with both Bertucci and NASDI to perform a number of services, including transporting the concrete from the demolition site to a staging area located within St. Tammany Parish and conducting concrete crushing operations. In or around August 2011, Bertucci began conducting concrete crushing operations at the staging area. As a result of these operations, Claimants, home owners who live in proximity to the staging area in St. Tammany Parish, filed a class action lawsuit in the Civil District Court for the Parish of Orleans against Limitation Petitioners, asserting that their properties were inundated with noise, vibrations, and dust for an extended period of time. Claimants specifically alleged that the Limitation Petitioners' operations constituted a nuisance in violation of St. Tammany Parish Noise and Dust Ordinances and Louisiana general nuisance law, set forth in Articles 667-669 and 2315 of the Louisiana Civil Code. Limitation Petitioners then proceeded to file a limitation action in this Court, seeking to limit any potential liability incurred by the concrete crushing operations to the value of the vessels owned and operated by Limitation Petitioners which were engaged in these operations. This filing had the effect of staying the Claimants' class action in

state court.

Claimants have filed the instant motion requesting that the Court bifurcate the issues set for trial. Specifically Claimants request that the Court first hear argument and rule on the issue of Limitation Petitioners' ability to limit their liability, and then, if necessary, conduct a trial regarding the remaining issues in the case, most notably the issue of damages.

## PARTIES' ARGUMENTS

Claimants first devote a substantial portion of their motion to their argument that Limitation Petitioners will not be successful in their limitation action. Claimants also argue that under the "savings to suitors" clause found in 28 U.S.C. § 1333(1), once the issues are bifurcated, Claimants will have the right to determine whether to pursue their claim for damages and other non-limitation issues as a general maritime claim before this Court or as an ordinary civil action in state court. As such, Claimants submit that conducting a trial only on the issue of limitation will conserve the Court's time and resources, as a trial on damages, in which each of several hundred Claimants will have to testify regarding their personal damages, may be rendered unnecessary before this Court. Claimants further maintain that a decision by the Court to bifurcate would expedite and economize the proceedings and avoid potential prejudice to Claimants by preserving their right to pursue their claim for damages in state court.

Limitation Petitioners specifically dispute that bifurcation would serve interests of judicial economy and efficiency. Instead, Limitation Petitioners assert that the exact opposite would occur, and that bifurcation would "serve as a significant inconvenience to all parties," by substantially increasing both legal and expert expenses, and making the proceedings much longer than necessary. (Rec. Doc. 441, p. 13). Specifically, Limitation Petitioners note that both a trial on limitation and a trial on damages would require the same evidence and would necessitate witnesses to provide the same testimony in two separate proceedings, since evidence of any alleged injury to the Claimants is necessary for elements of both limitation and damages.

Claimants next assert that in addition to exercising its discretion to bifurcate the issues of limitation of liability and damages, the Court should decide to conduct a hearing on limitation prior to conducting a hearing on liability. Claimants again argue that this will expedite and economize the proceedings, as a trial on the issue of limitation will be relatively short. Limitation Petitioners directly oppose Claimants' request to conduct a hearing on limitation prior to liability. Limitation Petitioners maintain that a decision to do so would effectively "turn established law on its head" and switch the burden of proof to "allow Claimants' [sic] to avoid meeting their burden of proving liability." (Rec. Doc. 441, p. 23).

**LEGAL STANDARD**

Rule 42(b) of the federal Rules of Civil Procedure states:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FED. R. CIV. P. 42(b). This Court has summarized the justifications for bifurcation noted by Rule 42(b) by explaining that a "court may separate issues if (1) it would avoid prejudice, (2) it would be convenient to do so, or (3) it would be economical or would expedite the litigation to do so." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992) (Feldman, J.). The question of bifurcation is left to the discretion of the court, and the court is expected to exercise this discretion on a case-by-case basis. *Id.*

Despite the broad discretion granted to district courts in determining whether to order bifurcation, the Fifth Circuit has cautioned that this discretion should be used sparingly. First, a court should not bifurcate claims unless the issue to be tried separately is "so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (citing *Swofford v. B&W Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). Moreover, "even if bifurcation might somehow promote judicial economy, courts

should not order separate trials when 'bifurcation would result in unnecessary delay, additional expense or some other form of prejudice.'" *Laitram*, 791 F.Supp. at 115 (citing *Willemijn Houderstermaatschappij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1984)). In light of these limitations, the "separation of issues is not the usual course that should be followed." *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford*, 336 F.2d at 415); *see also Porter v. Milliken & Michaels, Inc.*, No. 9-0199, 2000 WL 1059849, at *2 (E.D. La. Aug. 1, 2000) (Vance, J.) ("Separate trials, however, are the exception, not the rule.").

## DISCUSSION

Claimants argue that a decision by this Court to bifurcate the issues of limitation and damages falls squarely within its discretion pursuant to Rule 42, as a decision to do so would cause the length of the trial to be "substantially quicker." (Rec. Doc. 431-1, p. 4). This argument rests largely on Claimants' assertion that Limitation Petitioners will not be able to satisfy the requisite elements of a limitation action, which would cause a hearing on the issue of limitation to be "brief in comparison to a full trial with damages." (Rec. Doc. 431-1, p. 7).

The Court finds this argument flawed. First, Claimants devote a number of pages of their motion to discussing the inadequacies of Limitation Petitioners' limitation action. A motion to bifurcate is

Case 2:12-cv-00664-CJB-DEK   Document 474   Filed 01/08/15   Page 6 of 9

should not order separate trials when 'bifurcation would result in unnecessary delay, additional expense or some other form of prejudice.'" *Laitram*, 791 F.Supp. at 115 (citing *Willemijn Houderstermaatschappij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1984)). In light of these limitations, the "separation of issues is not the usual course that should be followed." *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford*, 336 F.2d at 415); *see also Porter v. Milliken & Michaels, Inc.*, No. 9-0199, 2000 WL 1059849, at *2 (E.D. La. Aug. 1, 2000) (Vance, J.) ("Separate trials, however, are the exception, not the rule.").

## DISCUSSION

Claimants argue that a decision by this Court to bifurcate the issues of limitation and damages falls squarely within its discretion pursuant to Rule 42, as a decision to do so would cause the length of the trial to be "substantially quicker." (Rec. Doc. 431-1, p. 4). This argument rests largely on Claimants' assertion that Limitation Petitioners will not be able to satisfy the requisite elements of a limitation action, which would cause a hearing on the issue of limitation to be "brief in comparison to a full trial with damages." (Rec. Doc. 431-1, p. 7).

The Court finds this argument flawed. First, Claimants devote a number of pages of their motion to discussing the inadequacies of Limitation Petitioners' limitation action. A motion to bifurcate is

not the proper legal vehicle to discuss the merits of a party's claim. Further, Claimants provide no reasoning for how Limitation Petitioners' alleged unsuccessful action would mitigate the time or judicial expense associated with what Claimants deem a lengthy trial on damages. Instead, the Court agrees with Limitation Petitioners that the time and resources of the Court and the parties would be better conserved through a single trial on all issues.

As noted by Limitation Petitioners, both the issues of limitation and the extent of damages require the same evidence and testimony of witnesses. Courts have generally recognized that when issues are intertwined and may require the same evidence, bifurcation of these issues does not promote judicial economy and is not an appropriate remedy. *In re Sortwell, Inc.*, No. 08-5167, 2011 WL 4896475, at *2 (N.D. Cal. Oct. 12, 2011); *In re Diamond B Marine Serv., Inc.*, No. 99-951, 99-984, 99-1346, 2000 WL 37987, at *2 (E.D. La. Jan. 14, 2000). Specifically, in the context of a limitation action, this Court has previously recognized that bifurcation of issues of limitation and damages is not appropriate when evidence "will inevitably overlap with regard to the issues of damages, causation[,] and liability." *Diamond B*, 2000 WL 37987, at *2.

In determining whether a vessel owner may limit its liability, courts generally apply a two-step analysis. *Farrell Lines, Inc. v.*

7

*Jones*, 530 F.2d 7, 10 (5th Cir. 1976). "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Id.* In order for Claimants to meet the first prong of this analysis and prove that Limitation Petitioners acted negligently in their operations, they will be required to present evidence both of Claimants' injuries and causation. *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991) (citing *Thomas v. Express Boat Co.*, 759 F.2d 444, 448 (5th Cir. 1985)) ("The plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by plaintiff, and a causal connection between defendant's conduct and the plaintiff's injury."). As noted in *Sortwell*, this means that:

> [T]here is necessarily an "overlap" between the case that a claimant must prove regarding exoneration or limitation of liability and the case that a claimant must prove regarding damages, "to the extent that [a claimant] will have to present evidence as to what [its] injuries or losses were in each case."

*Sortwell*, 2011 WL 4896475, at *2 (citing *In re Hyatt Corp.*, 262 F.R.D. 538, 548 (D. Haw. 2009)).

The present circumstances provide no exception. In order for claimants to prove Limitation Petitioners' alleged negligence they will be required to present evidence and testimony identical to that they will use in the damages portion of the case. As such, as

in *Diamond B*, the evidence presented for the issues of limitation and damages will undoubtedly overlap, and separate trials on these issues would "counter the ends of justice and cause multiplication of proceedings, inconvenience to the parties in terms of a multiplication of the proceedings as well as the expense involved in preparing for separate proceedings." *Diamond B*, 2000 WL 37987, at *2. On this basis alone, the Court finds bifurcation improper.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Bifurcate Issues at Trial* **(Rec. Doc. 431)** is **DENIED**.

New Orleans, Louisiana this 8th day of January, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9