UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BERTUCCI CONTRACTING CO., LLC, AS OWNER OF THE M/V SHARON GAIL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 12-664<br>c/w<br>  12-697<br>  12-1783<br>  12-1912<br>  12-1914 |
| THIS DOCUMENT PERTAINS TO CASE NOS.:<br>12-0664<br>12-0697 | SECTION:<br>"J"(3) |

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss/Motion for Summary Judgment* **(Rec. Doc. 538)** filed by Limitation Petitioners, Bertucci Contracting Co., LLC ("Bertucci") and NASDI, LLC ("NASDI") (collectively "Limitation Petitioners"), an *Opposition* thereto (**Rec. Doc. 549)** by Claimant, Tammany Holding Company, LLC ("THC"), and Limitation Petitioners' *Reply* (**Rec. Doc. 557**), as well as supplemental documentary evidence submitted by Bertucci (Rec. Doc. 571), NASDI (Rec. Doc. 572) and THC (Rec. Doc. 575). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court

1

finds, for the reasons expressed below, that the motion should be **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

At this point in the litigation, both the Court and the parties are very familiar with the facts of this case. The Court has previously set out the detailed facts of this matter in its Order and Reasons dated June 8, 2012. (Rec. Doc. 126). For purposes of the instant motion, only the following facts are pertinent.

In 2010, the State of Louisiana began preparations for a large-scale project in which it planned to recycle the concrete recovered from the demolition of the original Interstate 10 Twin Span Bridges. In 2010, THC leased land in St. Tammany Parish to the Louisiana Department of Transportation and Development (the "DOTD") for the stated purpose of using the premises as "a mobilization, lay-down and staging area for the DOTD and [the Louisiana Coastal Protection and Restoration Authority ("the CPRA")] to demolish, store, and degrade a portion of the Existing Twin Span Bridge across eastern Lake Ponchartrain between St. Tammany and Orleans Parishes." (Rec. Doc. 538-2, p. 2). The lease was subsequently renewed in September 2012 by the

CPRA.[1] (Rec. Doc. 538-3, p. 1). During the term of the lease, the DOTD and the CPRA contracted with both Bertucci and NASDI to perform a number of services in furtherance of the project including transporting the concrete from the demolition site to a staging area located on the leased premises and conducting concrete crushing operations thereon. However, neither the original lease nor the renewal makes any reference to Bertucci or NASDI.

In or around August 2011, Bertucci began conducting concrete crushing operations at the staging area. As a result of these operations, Individual Claimants, home owners who live in proximity to the staging area in St. Tammany Parish, filed a class action lawsuit in the Civil District Court for the Parish of Orleans against Limitation Petitioners, asserting that their properties were inundated with noise, vibrations, and dust for a substantial period of time. Individual Claimants specifically alleged that the operations constituted a nuisance in violation of St. Tammany Parish Noise and Dust Ordinances and Louisiana general nuisance law, set forth in Articles 667-669 and 2315 of the Louisiana Civil Code. As part of the same lawsuit, Individual Claimants also filed claims against THC, alleging

---

[1] The right to renew was originally vested in the DOTD pursuant the original lease, but was subsequently assigned by agreement to the CPRA . (Rec. Doc. 538-3, p. 1).

that THC acted negligently by refusing to take action to prevent the damage caused by Limitation Petitioners and by permitting Limitation Petitioners to violate local ordinances.

On March 9, 2012, Limitation Petitioners then proceeded to file a limitation action in this Court, seeking to limit any potential liability incurred by the concrete crushing operations to the value of the vessels owned and operated by Limitation Petitioners which were engaged in these operations. This filing had the effect of staying the Individual Claimants' state-court claims against Limitation Petitioners, but had no effect on Individual Claimants' claims against THC. On March 27, 2012, following a hearing, the state court issued a preliminary injunction against THC, which required THC to take certain affirmative actions regarding the status of the Staging Area.

On April 4, 2012, THC filed a claim in limitation against NASDI and Bertucci, asserting that it is entitled to recover "all of the amounts incurred by THC in defending the Petition for Declaratory Judgment, Injunctive Relief, and Class Action Lawsuit Related to Liability and Damages; complying with the Preliminary Injunction, and other costs and expenses are [sic] solely related to the activities conducted by NASDI [and Bertucci]." (Rec. Doc. 28, p. 7; Rec. Doc. 29, p. 6). On June

17, 2014, THC filed a motion seeking to amend its claims against NASDI and Bertucci, in order to "make it clear that it seeks damages for damage and remediation expenses in connection with its property other than the leased premises on which NASDI and Bertucci conducted their work, as well as diminution in the value of the property other than the leased premises." (Rec. Doc. 335-2, p. 1). Magistrate Judge Knowles denied this motion, finding that the deadline to file such had already passed and that THC had provided no justification for failing to timely amend its claims. (Rec. Doc. 344). THC sought appeal of this decision, which was subsequently denied by the Court. (Rec. Doc. 367).

On May 5, 2015, Limitation Petitioners filed the instant motion, seeking dismissal of THC's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Limitation Petitioners assert that THC's claim for indemnification for fees and costs associated with defending against Individual Claimants' claims is not cognizable because THC lacks any statutory or contractual basis for recovering such. In response, THC filed both an Opposition to the instant motion, as well as a Motion to Lift the Stay on Proceedings Outside the Limitation Action (Rec. Doc. 555), which remains pending before this Court.

On August 12, 2015, the Court conducted a conference with all parties to determine the status of the remaining claims in this matter. As of the date of this conference, all claims of Individual Claimants against Limitation Petitioners have been settled, as have cross-claims between Limitation Petitioners. The only remaining claimants in this matter are THC, the DOTD and the CPRA. At the conference, the Court also discussed THC's concerns with treating the instant motion as a 12(b)(6) motion due to Limitation Petitioners' reliance on documents contained outside of the pleadings. The Court noted this concern, and with the consent of the parties, ordered that the instant motion be converted to a Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56. (Rec. Doc. 570). The Court also granted the parties additional time to supplement their pleadings with documentary evidence. (Rec. Doc. 570).

## **PARTIES' ARGUMENTS**

Limitation Petitioners assert that THC's claims should be dismissed as a matter of law because they have failed to present any valid claim for indemnity or contribution. First, Limitation Petitioners assert that THC was named by Individual Claimants as a tortfeasor in its individual capacity for its own acts and not only for the acts of Limitation Petitioners, and is thus

responsible for its own defense. Limitation Petitioners next contend that THC has failed to present any basis, either statutory or contractual, for its argument that it is entitled to reimbursement of costs incurred in its defense and compliance with the injunction. Finally, Limitation Petitioners note that because they entered into a settlement with Individual Claimants, in light of Supreme Court precedents, THC is not entitled to the benefit of their contribution and indemnity.

In response, THC first requests that the Court lift the stay on the state court proceedings and permit the parties to pursue their claims in state court, because THC is the sole remaining claimant in this matter. This argument also forms the basis for an independent motion filed by THC. Second, THC submits that it was required to defend against Individual Claimants' claims as the sole remaining defendant in the state court proceedings, and that Individual Claimants' claims were based solely on the acts of Limitation Petitioners. THC also maintains that it was forced to expend cost and effort to comply with the injunction issued against it in order to ensure that Limitation Petitioners did not violate the terms of the injunction. Finally, THC argues that the Court should award it attorney's fees, despite there being no statute in existence for

the granting of such, because this matter presents a "novel issue of law."

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must

come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

As an initial matter, it is necessary to first address THC's request for a lift of the current stay on state

proceedings, which also comprises an entirely independent motion currently pending before this Court. The law is well-settled that in limitation actions in which more than one claimant is involved, all claimants must enter into a stipulation to lift the stay. *So. Coast Boat Rentals*, 1999 WL 24597, at *1 (citing *Odeco Oil & Gas Co., v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996)). Here, despite THC's misrepresentation to the Court that "it is the only claimant left in these Limitation Actions" (Rec. Doc. 549, p. 4), this is not the case. Instead, at this stage in the litigation, both the DOTD and the CPRA maintain outstanding claims against Bertucci and NASDI. Because neither of these entities have joined in the stipulation entered by THC, a lift of the stay on the state court proceedings at this time cannot be granted.

While THC does not specifically label its claims as those for indemnification or contribution, these are essentially the remedies it seeks. In its complaint, THC demands damages in the form of costs and expenses which it allegedly incurred both in defending against Individual Claimants' claims in state court as well as complying with the state-court issued injunction. (Rec. Doc. 28, pp. 5-8; Rec. Doc. 29, pp. 5-6). THC bases these claims on the proposition that all the claims which it was required to

defend were "solely related to the activities conducted by [Limitation Petitioners," as opposed to its own fault or negligence. (Rec. Doc. 28, p. 7; Rec. Doc. 29, p. 6).

The Fifth Circuit has repeatedly recognized that "in cases where contribution has been allowed for damages, both admiralty and nonadmiralty courts have generally denied a right to contribution for attorney's fees and expenses incurred in defense of the action brought by the injured party." *Odd Bergs Tankrederi A/S v. S/T Gulfspray*, 650 F.2d 652, 653 (5th Cir. 1981); *see also Sea-Land Serv., Inc. v. Crescent Towing & Salvage Co., Inc.*, 42 F.3d 960, 963 (5th Cir. 1995); *Nunley v. M/V Dauntless Colocotronis*, 863 F.2d 1190, 1200 (5th Cir. 1989). This rule is predicated "on the theory that the joint tortfeasor is defending against charges of its own negligence for which it could be held liable, thus incurring expenses that would be necessary even if there were no other tortfeasors." *Odd Bergs*, 650 F.2d at 653.

The *Odd Bergs* rule is clearly applicable to the facts at hand, especially considering that Individual Claimants' claims address not only the conduct of Limitation Petitioners, but also the independent conduct of THC. Despite THC's baseless contentions, Individual Claimants' claims allege fault and

11

negligence by THC, as landowner, for violating local ordinances and state statutes for both failing to obtain proper permits for the work performed on its land, and for failing to satisfy its duties as landowner to enjoin or remedy the harm caused by Limitation Petitioners. (*see* Rec. Doc. 32-2, pp. 10-12). Thus, THC was required to defend against Individual Claimants' claims on its own behalf, and the costs incurred in this defense, including those related to its compliance with the injunction,[2] are not attributable to Limitation Petitioners.

THC has also failed to provide the Court with any legal support, either contractually or statutorily, for its assertions that it is entitled to indemnification or contribution from Limitation Petitioners. In fact, THC's Opposition to the instant motion is nearly entirely devoid of any legal citations, which in and of itself, evidences a lack of precedent for its claims. Nor is there any contractual or statutory basis on which to support THC's claims. While the lease entered into between THC and the DOTD, and later renewed by the CPRA, contains an indemnification clause in favor of THC, this clause is without

---

[2] It should also be noted that THC cannot point to any expense other than attorney's fees which it incurred as a result of its requisite compliance with the injunction. Despite its broad assertion that it "was forced to take a number of actions" to comply with the injunction, THC fails to specify what exactly these actions were. Moreover, THC does not dispute Limitation Petitioners' assertion that THC failed to take any independent acts to ensure compliance with the injunction other than to file motions for temporary restraining orders against Bertucci and NASDI. (Rec. Doc. 538-1, p. 5).

effect as to Limitation Petitioners, as there is no dispute that Limitation Petitioners were not parties to the lease. Moreover, THC attempts to defend its lack of legal support on the basis that its claims present "novel issues of law" and that it should be entitled to attorney's fees and costs and expenses due to the uniqueness of the present circumstances. However, as evidenced by *Odd Bergs*, which describes the exact circumstances at issue here, THC's claims are not novel, and instead resemble claims which have routinely been dismissed by courts within this Circuit.

Because THC is unable to point to any legal support for its claims, and because it is not entitled to indemnification or contribution in accordance with Fifth Circuit precedents, dismissal of its claims is warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Limitation Petitioners' *Motion to Dismiss/Motion for Summary Judgment* (**Rec. Doc. 538**) is **GRANTED**.

**IT IS FURTHER ORDERED** that THC's claims against Limitation Petitioners in the above-captioned Limitation Action are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that THC's *Motion to Lift Stay* (**Rec. Doc. 555**) is **DENIED**.

New Orleans, Louisiana this 19th day of August, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE